IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 2:05-CR-249 |
| | : | |
| vs. | : | **JUDGE FROST** |
| | : | |
| **HOOD MEDICAL SERVICES, INC.** **GEORGE S. HOOD, III** | : | |

# PLEA AGREEMENT

Plaintiff United States of America and Defendants GEORGE S. HOOD, III and HOOD MEDICAL SERVICES, INC. (the "Parties") hereby enter into the following Plea Agreement ("Agreement") pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure:

1. Defendant GEORGE S. HOOD, III, as an individual, will enter a plea of guilty to **Count 1** of a previously filed Indictment charging him with Health Care Fraud False Statements in violation of 18 U.S.C. § 1035. Defendant HOOD warrants and affirms that he is the representative and lawful agent of the Defendant HOOD MEDICAL SERVICES, INC. and that he can enter into this Agreement on the company's behalf. All rights, waivers and terms specified in this Agreement accepted by Defendant HOOD apply equally to Defendant HOOD MEDICAL SERVICES, INC., although this Agreement specifies that Defendant HOOD shall plead guilty as an individual.

2. Defendant GEORGE S. HOOD, III understands the maximum penalties which may be imposed pursuant to his plea of guilty to the Indictment is a term of imprisonment of five (5) years, a fine of $250,000, three (3) years of supervised release and restitution.

3. Defendant GEORGE S. HOOD, III will pay a special assessment of $100.00, as required in 18 U.S.C. §3013. This payment shall be made to the United States District Court Clerk,

85 Marconi Boulevard, Columbus, Ohio 43215. This assessment shall be paid by defendant before sentence is imposed and defendant will furnish a receipt or other evidence of payment at the time of sentencing.

4. Defendant GEORGE S. HOOD, III further understands that he has the following rights, among others:

    a. To be represented by an attorney at every stage of the proceeding, and that, if necessary, one will be appointed to represent him;

    b. To plead not guilty and to be tried by a jury;

    c. To be assisted by counsel during such trial;

    d. To confront and cross-examine adverse witnesses;

    e. To use compulsory process to summon witnesses for the defense;

    f. Not to be compelled to testify; and

    g. To be presumed innocent throughout trial until and unless found guilty by a jury.

5. Defendant GEORGE S. HOOD, III understands that if his plea of guilty to the charge set forth in the Indictment is accepted by the Court there will not be a further trial of any kind, so that by pleading guilty he waives, or gives up, his right to a trial.

6. Defendant GEORGE S. HOOD, III understands that the Court intends to question him on the record about the offense to which he pleads guilty, which questioning may be under oath and which could provide a basis for a later prosecution of defendant for perjury or false statements if he does not tell the truth.

7. The Parties agree that if defendant's guilty plea as specified in this Agreement is

entered and not withdrawn and this defendant acts in accordance with all other terms of this Agreement, the United States Attorney for the Southern District of Ohio agrees not to charge defendant or his company with any other offense arising from the circumstances of this case as set forth in the Indictment.

8. Defendant GEORGE S. HOOD, III agrees to testify truthfully and completely concerning all matters pertaining to the Indictment filed herein and to any and all matters involving health care fraud in which he may have been involved or as to which he may have knowledge. Defendant GEORGE S. HOOD, III further agrees to provide a complete statement to authorities of the United States and/or the State of Ohio concerning such matters prior to the entry of his guilty plea pursuant to this Agreement. Defendant GEORGE S. HOOD, III agrees to submit to supplemental debriefings on such matters whenever requested by authorities of the United States and/or the State of Ohio, whether before or after his plea is entered.

Pursuant to §1B1.8 of the United States Sentencing Guidelines, the United States agrees that any self-incriminating information so provided will not be used against defendant in determining the applicable guideline range for sentencing, or as a basis for upward departure from the guideline range.

9. The Parties agree that pursuant to U.S.S.G. §§1B1.3 and 2B1.1(b)(1)(D), the specific offense characteristic attributable to Defendant GEORGE S. HOOD, III for the offense alleged in **Count 1** of the Indictment to which he is pleading guilty, is more than $30,000 but less than $70,000, which increases the base offense level by 6 levels. Specifically, the amount obtained by false statements relating to a health care services totals $66,206.20.

10. Defendant GEORGE S. HOOD, III shall make restitution totaling $66,206.20, to

3

the Ohio Medicaid Program via the Ohio Department of Job and Family Services, Attn: Section Chief, Surveillance and Utilization Review Section, 30 East Broad Street, 32nd Floor, Columbus, Ohio 43215-4314.

11. The Parties agree that Defendant GEORGE S. HOOD, III abused a position of trust or used a special skill pursuant to U.S.S.G. § 3B1.3 based upon facts known to the Parties at the time of this Agreement and that such enhancement applies to this case, resulting in a two (2) level enhancement.

12. The United States Attorney for the Southern District of Ohio recommends that as of the time of the execution of this Agreement, Defendant GEORGE S. HOOD, III has accepted responsibility for the offense to which he has agreed to plead guilty. If it appears that the defendant is likely to be at an offense level of 16 or greater and if he continues to accept responsibility through the time of sentencing, the United States will inform the Court pursuant to U.S.S.G. § 3E1.1(b) that the defendant has timely notified authorities of his intention to plead guilty.

13. Defendant GEORGE S. HOOD, III is aware that, in light of *United States v. Booker*, 125 S.Ct. 738 (2005), the United States Sentencing Guidelines are advisory and are no longer mandatory. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is further aware that any estimate of a probable sentencing range under the guidelines that the defendant may have received, or may receive in the future, from his counsel, the United States, or the probation office is a prediction, not a promise, and is not binding on the United States, the Probation Department or the Court. The United States makes no promise or representation concerning the

4

sentence that the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

14. Defendant GEORGE S. HOOD, III understands that this Agreement does not protect him from prosecution for perjury, should he testify untruthfully, or for making false statements, nor does it protect him from prosecution for other crimes or offenses as to which he does not make admissions or give truthful information and which the United States discovers by independent investigation. Further, should defendant fail to comply fully with the terms and conditions set forth herein or should he fail to appear as required for sentencing, this Agreement is voidable at the election of the United States, in which case the defendant shall be subject to prosecution as if the Agreement had never been made.

15. The United States Attorney for the Southern District of Ohio agrees that if Defendant GEORGE S. HOOD, III provides substantial assistance in the investigation or prosecution of others who have committed criminal offenses, the United States Attorney for the Southern District of Ohio may move the Court pursuant to 18 U.S.C. §3553(e) and/or 5K1.1 of the Federal Sentencing Guidelines for an appropriate departure from the otherwise applicable guideline range of defendant's sentence, and will, in connection therewith, make known to the Court the nature and extent of defendant's assistance. Defendant understands that whether such a motion for departure should be made is within the sole discretion of the United States Attorney for the Southern District of Ohio. Defendant further understands that whether and to what extent such a motion should be granted are solely matters for determination by the Court.

16. Defendant GEORGE S. HOOD, III understands that he is not a prevailing party as defined in 18 U.S.C. §3006A (statutory note captioned "Attorney Fees and Litigation Expenses to

Defense") and hereby expressly waives his rights to sue the United States.

17. The United States agrees that at the time of sentencing, in exchange for a plea of guilty to **Count 1** of the Indictment, the United States will dismiss the remaining count of the Indictment against Defendant GEORGE S. HOOD, III as an individual and all counts against Defendant HOOD MEDICAL SERVICES, INC.

18. Defendant GEORGE S. HOOD, III proposes to self-surrender his nursing license before the time sentencing recognizing that this Court and the United States do not have jurisdiction over such license. While the status of any license may be a consideration at sentencing it will not be an Order of the Court at sentencing. This term is made part of this Agreement at the request of defendant.

19. Defendant GEORGE S. HOOD, III further understands and accepts that in addition to any criminal sanctions, defendant may be subject to other civil and/or administrative consequences, including, but not limited to, a prohibition against owning or possessing firearms, mandatory exclusion from participation in federal and/or state health-care benefit programs, civil liability, and loss of any professional license(s).

20. The Parties understand that this Agreement and each of its terms are not binding on the Court and the final determination concerning the terms rests with the court.

21. No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all Parties.

Dated 3-20-06

*George S. Hood, III*
George S. Hood, III
Defendant, as an Individual and for
Defendant Hood Medical Services, Inc.

Dated: 3.20.06

*H. Ritchey Hollenbaugh*
H. Ritchey Hollenbaugh (0001072)
Carlile Patchen & Murphy LLP
366 East Broad Street
Columbus, Ohio 43215
Attorney for Defendants


Gregory G. Lockhart
United States Attorney

Dated: 3/22/06

*Douglas W. Squires*
Douglas W. Squires (0073524)
Assistant United States Attorney
303 Marconi Blvd., Suite 200
Columbus, Ohio 43215
Attorney for the Government